United States Courts
Southern District of Texas
FILED

MAY 1 8 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | COMPLAINT |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. |
| PHOENIX INDUSTRIAL SERVICE, INC., | § § | |
| and | § § | JURY TRIAL DEMANDED |
| PHOENIX SERVICES, | § § § | |
| Defendants. | § § | |

## NATURE OF THE ACTION

1.  This is an action under Title VII of the Civil Rights Act of 1964, as amended by Title I of the Civil Rights Act of 1991, to correct unlawful employment discrimination on the basis of race, Black and to provide appropriate relief to Milford Topsy, who was adversely affected by the unlawful practices. While employed by Defendant Phoenix Industrial Service, Inc. and Phoenix Services (collectively "Defendant"), Mr. Topsy was subjected to discriminatory treatment because of his race, Black. The discriminatory treatment included being repeatedly called racial slurs and, being threatened with a noose. Defendant discharged Mr. Topsy on March 30, 2004 in retaliation for opposing the racially hostile working environment.

## JURISDICTION AND VENUE

2.  Pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345, the United States District

1

Court has jurisdiction over the subject matter of this civil action. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Corpus Christi Division. Venue is appropriate in this court.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. Defendant Phoenix Industrial Service, Inc. is a Texas corporation now doing business (and has continuously been doing business) in the State of Texas, the Cities of La Porte and Corpus Christi, Texas, and has continuously had more than 15 employees at all times relevant to this cause of action.

6. Defendant Phoenix Services is a Texas company now doing business (and has continuously been doing business) in the State of Texas, the Cities of La Porte and Corpus Christi, Texas, and has continuously had more than 15 employees at all times relevant to this cause of action.

7. Collectively, at all relevant times, Phoenix Industrial Service, Inc. and Phoenix Services have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Milford Topsy filed with the Commission a charge alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled, including the filing of a timely charge of employment discrimination, and attempts to conciliate the claims.

9 Since at least March 22, 2004, Defendant engaged in unlawful employment policies and practices in Corpus Christi, Texas in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and 704 of Title VII, 42 U.S.C. § 2000e-3.

10. Defendant subjected Milford Topsy to a racially hostile working environment because of his race, Black. The racially hostile working environment included being repeatedly called racial slurs and being threatened with a noose because of his race, Black. Defendant discharged Mr. Topsy on March 30, 2004 in retaliation for his opposition to the racially hostile working environment.

11. The effect of the practices complained of above has been to deprive Milford Topsy of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, Black.

12. The unlawful employment practices of which the Commission complains in the preceding paragraphs were intentional.

13. The unlawful employment practices complained of in the preceding paragraphs were done with malice or with reckless indifference to the federally protected rights of Milford Topsy.

## PRAYER FOR RELIEF

14. Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns,

        and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race;

B.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of opposition to discriminatory practices;

C.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their race, and which eradicate the effects of its past and present unlawful employment practices;

D.    Order Defendant to make whole Milford Topsy, by providing appropriate backpay, including all bonuses; and by providing compensation for any other pecuniary losses, past and future, including out-of-pocket such as job search expenses and insurance expenses in amounts to be proved at trial;

E.    Order Defendant to provide Milford Topsy, compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to determined at trial;

F.    Order other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

G.    Order Defendant to pay punitive damages, in amounts to be determined at trial, for its malicious and reckless conduct;

H. Award pre-judgment interest and post-judgment interest on all amounts recovered;

I. Grant such further relief as the Court deems necessary and proper in the public interest;

J. Award the Commission its costs of this action.

JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Eric S. Dreiband
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507


James Sacher
Regional Attorney

Rudy L. Sustaita
Senior Trial Attorney
Attorney-in-Charge
Admission I.D. No. 11850
Texas Bar No. 19523560
EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002

Telephone: (713) 209-3400
Facsimile: (713) 209-3402

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DEFENDANTS
PHOENIX INDUSTRIAL SERVICE, INC. AND PHOENIX SERVICES

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Rudy Sustaita, Senior Trial Attorney
EEOC-Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3400

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

[x] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Defendant subjected Milford Topsy to discriminatory treatment including being repeatedly called racial slurs and being threatened with a noose. Defendant discharged Mr. Topsy on March 30, 2004 in retaliation for opposing the racially hostile working environment.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury--Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury--Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R R & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other |  | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Co |  |  | [ ] 720 Labor/Mgmt Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
|  | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [x] 442 Employment | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 443 Housing/Accommodations | [ ] 535 Death Penalty | [ ] 791 Empl Ret Inc Security Act |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 444 Welfare | [ ] 540 Mandamus & Other |  | **FEDERAL TAX SUITS** | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 440 Other Civil Rights | [ ] 550 Other |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 890 Other Statutory Actions |
| [ ] 245 Tort Product Liability |  |  |  | [ ] 871 IRS--Third Party 26 USC 7609 |  |
| [ ] 290 All Other Real Property |  |  |  |  |  |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R.C.P 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: [X] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE                DOCKET NUMBER

DATE 5/16/05
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT